NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERNATIONAL UNION OF ELEC-
TRICAL, RADIO & MACHINE WORK-
ERS, AFL–CIO–CLC, LOCAL 745, Re-
spondent.

No. 84–5031.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 20, 1985.

Decided April 10, 1985.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Dawn Sikkeman, argued, for petitioner.

Richard F. Rice, argued, Kettering, Ohio, for respondent.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and NEWBLATT, District Judge.*

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order finding the respondent union in violation of section 8(b)(1)(A) of the National Labor Relations Act by threatening a member with a heavy fine for testifying against a fellow union member. The union contends that the decision of the Board is not supported by substantial evidence on the record as a whole, that the Board erred in finding that a union steward was an agent of the union and that

* The Honorable Stewart A. Newblatt, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

the threat to fine a union member for testifying in favor of his employer and against a fellow union member does not violate the Act.

Wayne Martin filed an unfair labor practice complaint against Local 745 contending that union stewards Beamer and Rudder threatened to fine him $1,000 for testifying against a fellow employee at a grievance proceeding. Martin had witnessed the other employee drinking on the job and was present when the employee was caught. Just before an arbitration hearing on the terminated employee's grievance, according to Martin, Steward Rudder approached him and told him he would be fined $1,000 if he testified for the company. Shortly before the drinking incident a union newsletter contained an article expressing the union's "concern" over union members testifying for the company and noting that the union constitution provided for discipline, including fines, for any action "contrary or detrimental to the welfare or best interest of the ... Union." After Martin testified, another union newsletter compared Martin to Judas Iscariot. A union steward delivered a copy of this newsletter to Martin with the article circled in red. Both stewards Rudder and Beamer testified that they had not made any threats and the administrative law judge who conducted the hearing recommended that the complaint be dismissed. The Board adopted the findings and recommendation of the administrative law judge in a split decision. Some time later Steward Rudder contacted the Board and stated that he had lied at the hearing and had in fact threatened Martin with a $1,000 fine if he testified for the company, but claimed this was only a joke. The case was reopened and following a second hearing the same administrative law judge found that Rudder had lied at the first hearing in stating that he had not threatened Martin with a $1,000 fine and recommended that the Board find that Local 745 violated section 8(b)(1)(A). The Board adopted these findings and this recommendation in an order and supplemental decision reported at 268 NLRB No. 38 (1983).

■ The respondent union argues that the decision is not supported by substantial evidence because the administrative law judge and the Board credited portions of Rudder's testimony and discredited other portions and that they disregarded factors in the second decision which they found important in the first decision. Upon consideration of the entire record this court concludes that the decision of the Board is supported by substantial evidence. Rudder's admission that he had threatened Martin is corroborated by other evidence, particularly the articles in the union newsletter. Furthermore, it is immaterial whether Rudder intended the threat as a joke. If Martin reasonably perceived the threat as seriously made, the prohibited coercion occurred. Furthermore, the fact that the threat to fine Martin was never carried out is irrelevant if it reasonably tended to restrain or coerce protected rights. *National Cash Register Co. v. National Labor Relations Board*, 466 F.2d 945, 961 (6th Cir.), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1442, 35 L.Ed.2d 700 (1972). The finding of a violation is supported by substantial evidence.

■ The Board made a factual finding that Rudder was an agent of Local 745. The fact that the union constitution provides that stewards are not officers or agents of the union is immaterial. Agency may be found to exist on the basis of actual authority, ratified authority or apparent authority. In this case the union clothed the stewards with apparent authority. Before Rudder threatened Martin the union published an article concerning disciplining of union members for testifying in favor of the employer without first consulting a steward. The finding of agency is supported by the record.

■ The union argues that it may enforce rules which reflect legitimate union interests and that it should be permitted to enforce a rule which prevents employers from forcing union members to testify for them against other union members. The record in this case indicates that Martin was willing to testify against the fired em-

ployee because he felt that employee was endangering Martin and other co-workers by drinking on the job. There is no evidence that the company coerced Martin in any way in his decision to testify. Furthermore, the union may not enforce any rule which "invades or frustrates an overriding policy of the labor laws." *Scofield v. National Labor Relations Board,* 394 U.S. 423, 429, 89 S.Ct. 1154, 22 L.Ed.2d 385 (1969). The grievance procedure is at the heart of labor policy and a rule which would inhibit employees as witnesses from testifying truthfully at grievance proceedings would tend to frustrate overriding labor policy. In agreement with the Board we conclude that the threat which Rudder was found to have made to Martin did violate section 8(b)(1)(A).

The order of the Board is enforced.